**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

In the Matter of S.S. and A.S.,    )
    )
DORAN ANTHONY SATCHEL    )
    )
       Petitioner,    )       No. 1:25-cv-01309
    )
vs.    )
    )
RENE ALEXIS KIZZI SATCHEL    )
    )
       Respondent.    )
_____)

**The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 _et seq._**

Before the Court is the Verified Petition for the Return of the Children to Canada (the "Petition") [ECF No. 1]. This Order addresses the Petitioner's Motion to Expedite Proceedings and Issuance of Show Cause Order, including Temporary Restraining Order, Preliminary Injunction, and Expedited Scheduling Order. Upon considering the Petition for Return, the Motion to Expedite and for an Issuance of an Immediate Show Cause Order, the Hague Convention, and ICARA, it is this 11th day of March, 2025:

**ORDERED** that Respondent, Rene Alexis Kizzi Satchel, or her attorneys, show cause before this Court, at the United States Courthouse, United States District Court for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201 on the 17th day of March, 2025 at 3 o'clock in the afternoon thereof, or as soon thereafter as counsel can be heard, why an order should not be made and entered granting the Petitioner the following relief:

    a.   Pursuant to Article 11 of the Hague Convention on the Civil Aspects of International Child Abduction, setting an expedited hearing on the Petition and communicating that hearing date and time to Petitioner so that Petitioner may

provide notice of these proceedings and the hearing to Respondent pursuant to 22 U.S.C. § 9003(c); and

b.  Issue an order following the hearing, directing that S.S. and A.S. (the "Children") shall be returned to Petitioner, pursuant to Articles 1(a) and 12 of the Hague Convention on the Civil Aspects of International Child Abduction and Section 4(b) of the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9003(b); and

c.  Issue an immediate order prohibiting the removal of the Children from the jurisdiction of this Court, pending a hearing on the merits of the Verified Petition; and

d.  Issue an immediate order that Respondent surrender any and all of her passports and all of the passports of the Children; and

e.  Issue an order directing Respondent to pay Petitioner for all costs and fees incurred to date by reason of the Children's wrongful removal and retention pursuant to 22 U.S.C. § 9007(b)(3) and the Hague Convention, Article 26; and

f.  Any such further relief as justice and its cause may require; and it is further

**ORDERED** that pending the hearing and determination of this application and the entry of an Order thereon, the Respondent, or any person acting in concert or participation with Respondent, is prohibited from removing the Children, S.S. and A.S., born in 2014 and 2017 respectively, from the state of New York; and it is further

**ORDERED** that pending the hearing and determination of this application and the entry of an Order thereon, Respondent shall immediately deposit with the Clerk of the Court any and all passports or other travel documents in the names of S.S. and A.S., which shall be held for safekeeping by the Court; and it is further

**ORDERED** that personal service of a copy of this Order, together with the copies of the papers upon which it was brought on Respondent before the __13th__ day of March, 2025, shall be deemed sufficient.

**IT IS SO ORDERED.**

Dated this <u>11th</u>day of <u>March</u>, 2025

*Brian M. Cogan*

Hon. Brian M. Cogan
United States District Judge