UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
In the Matter of S.S. and A.S.,           )
                                          )
DORAN ANTHONY SATCHEL                     )
                                          )
                    Petitioner,           )
                                          )
vs.                                       )    No. 1:25-cv-01309
                                          )
RENE ALEXIS KIZZI SATCHEL                 )
                                          )
                    Respondent.           )
_____)


**PETITIONER'S MOTION FOR DEFAULT JUDGMENT AGAINST RESPONDENT
<u>RENE ALEXIS KIZZI SATCHEL</u>**


The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 *et seq*.


Richard Min, Esq.
Michael Banuchis, Esq.
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: 212-681-6400
Facsimile: 212-681-6999
Email: rmin@gkmrlaw.com;
mbanuchis@gkmrlaw.cm

*ATTORNEYS FOR PETITIONER
DORAN ANTHONY SATCHEL*

**TABLE OF CONTENTS**

**I. BACKGROUND** .................................................................................................................... 5

**II. ARGUMENT** ....................................................................................................................... 7

    1. Standard for Default Judgment ............................................................................................ 7

    2. Jurisdiction and Venue ......................................................................................................... 8

        a. Subject Matter Jurisdiction ............................................................................................ 8

        b. Personal Jurisdiction ..................................................................................................... 8

        c. Venue .......................................................................................................................... 10

    3. Default Judgment Factors .................................................................................................. 10

**III. CONCLUSION** ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Gitter v. Gitter*, 396 F.3d 124 (2d Cir. 2005) ................................................................ 12

*Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346 (DRH)(AKT), 2019 WL 1590931 (E.D.N.Y. Mar. 13, 2019), adopted by 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ................................ 11

*Avail 1 LLC v. Latief,* No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869 (E.D.N.Y. Aug. 14, 2020) ................................................................................................................................ 10

*Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361 (E.D.N.Y. Aug. 19, 2021), adopted by 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021) .............. 11

*Baxter v. Baxter*, 423 F.3d 363 (3d Cir. 2005) ................................................................ 12

*Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6331 (MKB), 2019 WL 2233828 (E.D.N.Y. May 22, 2019) ................................................................................................................ 11

*Double Green Produce, Inc. v. F. Supermarket Inc.,* 387 F. Supp. 3d 260 (E.D.N.Y. 2019) .......... 7

*Finkel v. Gaffney-Kroese Elec. Supply Corp.*, No. 22-CV-1777 (DG)(TAM), 2023 WL 2579165 (E.D.N.Y. Feb. 22, 2023) ............................................................................................. 11

*Finkel v. Romanowicz,* 577 F.3d 79 (2d Cir. 2009) ............................................................ 7

*Friedrich v. Friedrich*, 78 F.3d 1060 (6th Cir. 1996) ...................................................... 12

*Golan v. Saada*, 596 U.S.666 (2022) ............................................................................. 10

*JP Morgan Chase Bank, N.A. v. Baldi*, 10 N.Y.S.3d 126 (2d Dep't 2015) ................................ 9

*Licci ex rel. Licci v. Lebanese Canadian Bank*, SAL, 673 F.3d 50 (2d Cir. 2012) ..................... 8

*MJC Supply, LLC v. Powis*, 2019 WL 1429625 (E.D.N.Y. Mar. 29, 2019) ................................ 9

*Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743 (E.D.N.Y. Mar. 9, 2021) ............ 7

*New York v. Green*, 420 F.3d 99 (2d Cir. 2005) ................................................................ 7

*Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167 (2d Cir. 2001) ........................................ 11

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993) .................................................. 10

*Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610 (2d Cir. 1999) ................................ 7

*Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207 (2d Cir. 2010) ................. 8

*Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54 (2d Cir. 2013)) ........ 7

*United States v. Myers*, 236 F. Supp. 3d 702 (E.D.N.Y. 2017) ............................................ 13

*Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744 (E.D.N.Y. Dec. 22, 2021) .................................................................................. 7

*Weifang Xinli Plastics Prods. v. JBM Trading Inc.,* 2014 WL 4244258 (E.D.N.Y. Aug. 26, 2014) ... 9

**Statutes**

55(b)(2) of the Federal Rules of Civil Procedure ........................................................................ 4

Local Civil Rule 55.2 (a)(2) ........................................................................................................ 4

Rule 12 of the Federal Rules of Civil Procedure ...................................................................... 11

Hague Convention on the Civil Aspects of Child Abduction, Oct. 25, 1980, art. 13(b), T.I.A.S. No 11670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg., 10, 494 (Mar. 26, 1986) ................... 5

*In re D.T.J.,* 956 F. Supp. 2d 523, 528 (S.D.N.Y. 2013) ........................................................... 12

International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq. (formerly codified at 42 U.S.C. § 11601 et seq.) ........................................................................................................... 5

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2 (a)(2), Petitioner Doran Satchel ("Mr. Satchel" or "Petitioner"), by and through undersigned counsel, submits this Motion for Default Judgment against Respondent Rene Satchel ("Ms. Satchel" or "Respondent").

## I. BACKGROUND

The parties, parents of three Canadian-born children, began their relationship in Ontario in 2009 and married in Guyana in 2010. The subject Children were born and raised in Ontario, Canada. The Children were fully acclimated and involved in daily life in Canada. In June 2024, Ms. Satchel wrongfully removed and retained the Children from Canada, initially claiming to travel to Georgia but instead taking them to New York.

On March 6, 2025, Petitioner filed a petition in this Court under the Hague Convention on the Civil Aspects of Child Abduction, Oct. 25, 1980, art. 13(b), T.I.A.S. No 11670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg., 10, 494 (Mar. 26, 1986) ("Hague Convention"), implemented in the United States through the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq. (formerly codified at 42 U.S.C. § 11601 et seq.) ("ICARA"), seeking return of the Children to Canada.

The underlying Petition was filed on March 6, 2025, along with a Proposed Summons in a Civil Action. *See* ECF No. 1. On the same date, this Court issued the Summons directed to Respondent. *See* ECF No. 3.

On March 11, 2025, Petitioner filed a Motion to Expedite Proceedings, and for a Temporary Restraining Order. *See* ECF No. 5. That same day, this Court issued an Order to Show Cause directing Respondent, or her counsel, to appear and show cause as to why an order should not be entered granting Petitioner relief pursuant to the Hague Convention and the International Child Abduction Remedies Act ("ICARA"). *See* ECF No. 6.

The Court further ordered Petitioner to serve Respondent with the Order to Show Cause and all related pleadings no later than March 13, 2025. *Id*. Petitioner duly complied with the Court's directive, and Respondent was properly served on March 13, 2025. *See* ECF No. 8.

The Show Cause Hearing was scheduled to take place on March 17, 2025, at 3:00 p.m. before the Honorable Judge Cogan. On that date, Respondent failed to appear.

Pursuant to Local Civil Rule 55.1, on March 25, 2025, counsel for Petitioner filed a Request for Certificate of Default (ECF No. 10), Declaration in Support (ECF No. 10-1), and Clerks Proposed Certificate of Default (ECF No. 10-2)

On March 27, 2025, we filed an Affidavit of Service indicating that the foregoing documents were served on Respondent Rene Alexis Kizzi Satchel on March 26, 2025 (ECF No. 11).

On March 28, 2025, this Court ordered the United States Marshal Service to "proceed to Respondent's residence, retrieve the passports of the subject children, S.S. and A.S., and deliver them to the Clerk of the court for safekeeping pending the resolution of this proceeding." (ECF No. 12). The Court further ordered that "the United States Marshals Service shall serve on Respondent, if she is present, copies of the attached Petition for Return and Order to Show Cause. *Id.*

On April 1, 2025, a Notice was filed stating that the U.S. Marshals Service had retrieved the passports of the subject Children and delivered them to the Court for safekeeping (ECF No. 14). Furthermore, a Proof of Service, Receipt, and Return was filed on the same day (ECF No. 15).

On April 8, 2025, the Clerk of the United States District Court for the Eastern District of New York, Brenna B. Mahoney, entered default of Respondent under Local Civil Rule 55.1 (ECF No. 16).

## II. ARGUMENT

1. Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). First, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter default. Fed. R. Civ. P. 55(a). If a claim is for a sum certain or a sum that can be made certain by computation, the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). Second, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To enter or effectuate judgment the Court is empowered to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)*. However, "'a default only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant.'" *Double Green Produce, Inc. v. F. Supermarket Inc.,* 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

2. Jurisdiction and Venue

      a. **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

      b. **Personal Jurisdiction**

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. *Licci ex rel. Licci v. Lebanese Canadian Bank*, SAL, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted).

The Court has personal jurisdiction over Respondent. First, Petitioner served Respondent "nail and mail" of documents including but not limited to the Summons, Civil Cover Sheet, Verified Petition for Return of the Children to Canada with Exhibits, Motion to Expedite and Issuance of Show Cause Order. (Aff. of Service, ECF No. 5.)

The Federal Rules of Civil Procedure permit a plaintiff to serve a defendant pursuant to either the laws of the state in which the district court is located or the laws of the state in which service is made – in this case New York. *See* Fed. R. Civ. P. 4(e)(1).

Pursuant to New York law, a defendant may be served by "nail and mail" service "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode ... and by ... mailing the summons to such person at his or her last known residence" only after personal or substituted service "cannot be made with due diligence." CPLR § 308(4).

New York courts hold that plaintiffs may utilize the "nail and mail" method of service described in CPLR § 308(4) "where personal service under CPLR 308(1) and (2) cannot be made with due diligence." *JP Morgan Chase Bank, N.A. v. Baldi*, 10 N.Y.S.3d 126, 127 (2d Dep't 2015).

Here, Respondent identified herself at her residence to the process server though her video doorbell on March 11, 2025 and directed the process server to come back the next day at 9:00 AM. ECF. No. 5. The next day on March 12, 2025, the process server returned at 9:00 AM but no one answered the door. *See id.* On March 13, 2025, the process server returned to Respondent's home for a third time at 7:38 AM. Once again, no one answered the door but she did see an unidentified man leave the residence with the subject children.

"To determine whether due diligence has been exercised prior to engaging in 'nail and mail' service, New York courts have not prescribed a rigid rule, but consider the general quality of efforts made to effect in-person service." *MJC Supply, LLC v. Powis*, 2019 WL 1429625, at *4 (E.D.N.Y. Mar. 29, 2019). "Nonetheless, a rough standard of due diligence has emerged from the caselaw," including "approximately three attempts at service, optimally on non-consecutive days." *Weifang Xinli Plastics Prods. v. JBM Trading Inc.,* 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014) (collecting cases).

Here, the affidavit of service demonstrates that petitioner exercised due diligence prior to effectuating service through "nail and mail." Further, as this Court has considerable latitude to determine whether "nail and mail" service was appropriate, it should do so given the nature of the case which involves children who have been abducted and the Hague Convention's general concern regarding expediency.

"The Convention's core premise is that the interests of children in matters relating to their custody are best served when custody decisions are made in the child's country of habitual

9

residence." *Golan v. Saada*, 596 U.S.666, 670 (2022) (internal quotation marks omitted). In accordance with this principle, the Convention "generally requires the prompt return of a child to the child's country of habitual residence when the child has been wrongfully removed to or retained in another country." *Id*. (citing Hague Convention, arts. 1(a), 12). The Convention instructs its contracting states to "take all appropriate measures to secure within their territories the implementation of the objects of the Convention," using "the most expeditious procedures available." Hague Convention, art. 2. Here, the most expeditious procedure available is to permit "nail and mail" service, particularly since respondent identified herself at the residence and the process server observed the subject children leaving the residence.

3. Venue

Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because, upon information and belief, the Children and Respondent are residing at 420 MacDonough St, Brooklyn, NY 11233 in the Eastern District of New York; and because this case involves the removal and retention of children under the ages of 16 from their habitual residence of Canada to the Eastern District of New York.

4. Default Judgment Factors

Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Avail 1 LLC v. Latief,* No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020). Specifically, courts examine: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6331 (MKB), 2019 WL 2233828, at

\*3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

As to the first factor of willfulness, a defendant's failure to answer a complaint and respond to a motion for default judgment is considered willful. *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346 (DRH)(AKT), 2019 WL 1590931, at \*6 (E.D.N.Y. Mar. 13, 2019), adopted by 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ("When a defendant is continually and entirely unresponsive, defendant's failure to respond is considered willful.") (cleaned up). Respondent was served with the Summons and Complaint (ECF No. 8), and the U.S. Marshals Service served on her copies of the Petition for Return and Order to Show (ECF No. 15), pursuant to this Court's Order (ECF No. 12). Because Respondent was served and on notice of this proceeding, her failure to respond or otherwise appear in this action demonstrates willfulness.

Second, without an answer to the Petition, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at \*4 (E.D.N.Y. Aug. 19, 2021), adopted by 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021); *Finkel v. Gaffney-Kroese Elec. Supply Corp.*, No. 22-CV-1777 (DG)(TAM), 2023 WL 2579165, at \*4 (E.D.N.Y. Feb. 22, 2023). Pursuant to Rule 12 of the Federal Rules of Civil Procedure, "[a] defendant must serve an answer: (i) within **21 days** after being served with the summons and complaint; or (ii) if the defendant has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days if sent to the defendant outside any judicial district of the United States" (emphasis added). Here, Respondent was served with the Summons and Complaint on March 13, 2025 (ECF No. 8). As a result, the deadline for Respondent to answer the complaint was April 3, 2025. Respondent has neither answered nor moved in any

11

way in this proceeding, and no extension of time has been granted. Accordingly, this factor weighs in favor of default judgment.

Petitioner makes out a *prima facie* case for the return of his children. A petitioner who establishes wrongful removal or retention by a preponderance of the evidence has made out a *prima facie* case for return. *In re D.T.J.*, 956 F. Supp. 2d 523, 528 (S.D.N.Y. 2013). Removal or retention of a child is wrongful when "(1) the child was habitually resident in one State and has been removed to or retained in a different State; (2) the removal or retention was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal or retention." *Gitter v. Gitter*, 396 F.3d 124, 130–31 (2d Cir. 2005).

Petitioner alleges and pleads sufficient facts to establish that that the Children's habitual residence is Canda as they lived in Canada exclusively prior to their wrongful removal and retention by Respondent in June 2024. ECF No. 1 at ¶¶ 16-19; 45-48.

Petitioner's rights of custody were breached by respondent when she unilaterally relocated the Children from Canada to the United States without Petitioner's consent, as it breached his rights of custody conferred by the Children's Law Reform Act. *See* ECF No. 1 at ¶¶ 49-57.

Petitioner was also exercising his rights of custody at the time of the wrongful removal in that he had regular contact with them. *See* ECF No. 1 at ¶¶ 27-42; 58. Courts have generally treated relatively minimal parental involvement as sufficient to establish the exercise of rights of custody. *See, e.g., Baxter v. Baxter*, 423 F.3d 363, 370 (3d Cir. 2005) ("[T]he test for finding the non-exercise of custody rights under the Hague Convention is stringent." (citation omitted)); *Friedrich v. Friedrich*, 78 F.3d 1060, 1066 (6th Cir. 1996) ("[A] person cannot fail to 'exercise' ... custody rights under the Hague Convention short of acts that constitute clear and unequivocal abandonment

of the child. Once it determines that the parent exercised custody rights in any manner, the court should stop—completely avoiding the question whether the parent exercised the custody rights well or badly." (footnote omitted)).

Petitioner therefore makes out a claim for relief under the Convention and Respondent has not established any defense given her default.

As for the third default judgment factor, Petitioner will be severely prejudiced if the motion for default judgment is denied because he has "no alternative legal redress." *United States v. Myers*, 236 F. Supp. 3d 702, 708–09 (E.D.N.Y. 2017). In other words, because Respondent has failed to respond or otherwise appear in this action, without the entry of default judgment, Petitioner would be unable to otherwise lawfully return his children to Canada. Here, without a return order from this Court, the Children will never be repatriated to Canada.

### III.     CONCLUSION

In light of Respondent's failure to appear, or otherwise acknowledge these proceedings, Petitioner respectfully requests that the Court enter default judgment in his favor.

Dated: April 8, 2025
      New York, New York

/s/ Richard Min
Richard Min, Esq.
Michael Banuchis, Esq.
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: 212-681-6400
Facsimile: 212-681-6999
Email: rmin@gkmrlaw.com;
mbanuchis@gkmrlaw.com

*ATTORNEYS FOR PETITIONER
DORAN SATCHEL*