C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  In the Matter of S.S. and A.S.,                           :
                                                            :   MEMORANDUM DECISION AND
  DORAN ANTHONY SATCHEL,                                    :   ORDER
                                                            :
                          Petitioner,                       :   25-cv-1309 (BMC)
                                                            :
                  - against -                               :
                                                            :
  RENE ALEXIS KIZZI SATCHEL,                                :
                                                            :
                          Respondent.                       :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before me on the motion of petitioner Doran Anthony Satchel, who has prevailed under Article 26 of the Hague Child Abduction Convention, for an award of $21,000.20 in attorneys' fees and $1,466.96 in costs pursuant to the International Child Abduction Remedies Act, 22 U.S.C. § 9007(b)(3). The *pro se* respondent abducted the former couple's children from Canada under the pretense of a short visit to the United States and failed to arrange for their return. Although the case resulted in a default judgment, there was substantial provisional remedy practice prior to that as well as extensive post-judgment enforcement proceedings, finally resulting in the children's return. Respondent has not opposed the instant motion. It is granted for the reasons set forth below.

The analysis requires me to calculate the lodestar – "the product of a reasonable hourly rate and the reasonable number of hours required by the case" – and then adjust it based on case-specific considerations. Millea v. Metro-N. R.R., 658 F.3d 154, 166 (2d Cir. 2011).

In ascertaining a reasonable hourly rate, my inquiry is based on those typically charged in the Eastern District of New York. See Simmons v. New York City Transit Auth., 575 F.3d 170, 175 (2d Cir. 2009). However, even within this district, there are different rates applicable to different kinds of cases because the demand for lawyers is different, the volume of lawyers bringing those cases is different, the size of overhead costs of the firms bringing those cases is different, and the expertise needed for different kinds of cases is different. See Rubin v. HSBC Bank USA, NA, 763 F. Supp. 3d 233, 239-40 (E.D.N.Y. 2025).

I am guided by the Second Circuit's decision in Lilly v. City of New York, 934 F.3d 222 (2d Cir. 2019), which reaffirmed the test from its prior decision in Arbor Hill Concerned Citizens Neighborhood Association v. City of Albany, 522 F.3d 182 (2d Cir. 2008). Arbor Hill, in turn, approved the twelve-factor test from Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Although the Supreme Court had some criticism of Johnson in Perdue v. Kenny A., 559 U.S. 542 (2010), observing that it "gave very little actual guidance to district courts [and that s]etting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results," id. at 550-51 (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986)), the Second Circuit's decision in Lilly still relies on the Johnson factors in determining the lodestar rate, and so I will as well. Nevertheless, the fundamental consideration in Perdue and in all of the attorneys' fee cases is "the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," 559 U.S. at 551. See also Lilly, 934 F.3d at 232, 234; Arbor Hill, 522 F.3d at 190.

I have recently held that the prevailing rates in this district for "run of the mine" cases are $450 to $650 for partners, $300 to $450 for senior associates, $150 to $300 for junior associates,

and $100 to $150 for paralegals. See Moore v. Rubin, 766 F. Supp. 3d 423, 428 (E.D.N.Y. 2025). Petitioner seeks higher rates in this case – $750/hour for senior partner Richard Min (6.6 hours); $600/hour for junior partner Michael Banuchis (4.1 hours); $350 for junior associate Camilla Redmond (36.4 hours); and $225/hour for two paralegals (9.6 hours collectively). The two partners are highly experienced in Hague Convention child abduction cases, and Mr. Min particularly is one of the most prominent practitioners in this area nationwide both in his practice and his public engagement on the issues raised in this area of law.

I have also recently noted, see Moore, supra, Perdue's criticism of the Johnson factors is less forceful in considering areas of legal practice that are not only highly specialized, but infrequently pursued. The Supreme Court seemed to assume in Perdue that prevailing rates bear some analogy to the stock market, where prices can be readily ascertained. That analogy may work fairly well with civil rights cases like Perdue, but in the more esoteric areas of the law, ascertaining the prevailing rate is more like the accounting exercise of valuing a Tier III asset than learning the trading price of a public stock.

That is the case with international child abduction cases, which are "thinly traded" – there are not a lot of them. Petitioner has focused on this, citing me not only to cases involving fee awards to his own lawyers but also to other lawyers, some of whom specialize in these cases and some of whom do not, but none of whom have experience even close to that of Mr. Min. The rates allowed in these cases, one of which goes back to 2016, see HSBC Bank, supra (inflation should be considered in using prior authority to ascertain reasonable rates), range from $250/hour through $650/hour. It does not appear that Mr. Min or Mr. Banuchis have received the rates for which they are asking here in any case.

Some of the rates petitioner seeks, particularly the $750/hour for Mr. Min and the $225/hour for paralegals, might seem high if viewed in isolation. However, I am allowing them in this case because petitioner's attorneys have already effectively discounted their rates – the rates are reduced in three of the invoices sent to plaintiff by 10% and two by 20%. That is more than sufficient to make the overall rates reasonable, without any need to determine whether those rates, with no discount, would be reasonable by themselves. In other words, any reduction in the rates that might be necessary to make them reasonable would be far less than 10%-20%.

This conclusion is supported by the Johnson factors that apply here. The three Johnson factors that most stand out for me are the completely successful result; the increased difficulty in dealing with a *pro se* defendant who would only respond to the Court under threat of imprisonment for contempt; and the excellent reputation and quality of work of petitioner's attorneys.

Turning to the amount of time expended in the case, I find that it was also reasonable. The time charged consisted of approximately 10 hours of partner time, 36 hours of associate time, and 10 hours of paralegal time. Considering all the chasing of respondent that petitioner had to undertake and the resultant need for frequent motions and communications with the Court and the U.S. Marshal, a total of approximately 46 hours of attorney time and 10 hours of paralegal time is not excessive.

Finally, the amount of costs claimed are reasonable. Costs consist of the case filing fee, service of process fees, transcript fees, and fees for the involvement of the Marshal, all of which are allowed by statute. See 28 U.S.C. § 1920.

Accordingly, petitioner's motion for attorneys' fees and costs is granted in the amount of $21,000.20 in attorneys' fees and $1,466.96 in costs, for a total of $22,467.16.

**SO ORDERED.**

_____
*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       October 9, 2025